Mr. Justice Bay
delivered the opinion of the court:
This case came before me on the 20th of March last, when, after hearing of Mr. Toomer, the City Attorney, against the motion, and Mr. Heath and Mr. Elliott in favor of it, I was of opinion that the writ of prohibition ought to issue, and ordered it accordingly. The opinion I then delivered, I shall now read as the grounds upon which the opinion of this court is now founded.
The suggestion filed on behalf of these applicants states that they are clerics in several of the banks in the city of Charleston, and that in pursuance of a city ordinance, passed by the City Council for raising supplies for the year 1820, the city inquirer and assessor had assessed their several salaries or incomes at 1,600 dollars a year, and imposed a tax on one half thereof; that is to say, on the sum of 800 dollars of each of them; and that the city sheriff was about to levy and collect the same. That the said tax on 800 dollars is not due from each and every of them, as they conceive they are exempted by the said ordinance; as none of their salaries amount to 1600 dollars per annum. and as their cases come within the latter part of the first section of the said ordinance, which ordains that the said ordinance shall not be construed to extend to any income or profit, rated at a less sum than 800 dollars : and further, because the city inquirer and assessor is enjoined and directed in ny&king his assessment on real and personal property described in said ordinance, to estimate the same at one half the value thereof; consequently the one half of their said salaries, if justly and truly rated, would be less than the sum of 800 dollars, the least or lowest sum *347 mentioned in said ordinance as the subject of taxation on incomes.
A further ground is stated by two of the petitioners, namely, John Glen, and John A. Steel; that they are not corporators residing within,the bounds of the city, or liable to be taxed by the city ordinances. The suggestion therefore prays for a writ of prohibition to restrain the City Council and all its ofacers from proceeding to levy and collect the taxes abovementioned.
I have considered the different grounds in this suggestion as well as the arguments of the counsel on both sides. Í have also considered the city charter, and the power of the City Council under it, and although there is nothing in the charter to restrain the wardens, or to limit the corporation from taxing incomes arising from professions and occupations within the bounds of the city, yet there can he no doubt but they may restrain and put limits to themselves and their own officers by any of their own ordinances, if they think proper; and, this, it appears to me they have done by the ordinance in question. The first clause of which ordains that all landed property or real estate shall be taxed 100 cents on every 100 dollars of the value or estimate thereof, to be assessed by the city inquirer and assessor. That all personal estate, consisting of money, bonds, notes or other obligations, upon which interest has been received, (the funded stock of the United States, and the stock of this state excepted,) the property and stock of the Insurance Companies, and all stock in trade, shall be liable to a tax of 100 cents on every 100 dollars, to be assessed by the said city inquirer. Next, all profit or income arising from the pursuit of any faculty, profession or occupation, trade or employment, (except those thereafter mentioned,) shall, in like manner, be liable to pay a tax of 100 cents on every 100 dollars, tobe assessed as aforesaid. The said clause then goes on, and after imposing a taxon slaves, carriages, and other articles, contains this proviso: Provided, however, that nothing in the said ordinance contained shall extend le the profit or increase of any mechan *348 ic, arising from the particular trade he pursues, nor the salaries of the Judges or other public officers, exempted from taxation, or not taxed by the legislature; nor the clergy, nor school-masters; nor the income or profit of any person or persons rated at a less sum than 800 dollars„ Here then it is evident that the corporation has fixed bounds or limits to itself, só as not to subject any income or place of profit under 800 dollars to taxation.. This sum. is most unquestionably the minimum of taxation by this ordinance on incomes or places of profit: and the city inquirer-and assessor is restrained from rating upon them a tax on any lower sum. And if any of the applicants had been rated at a lower sum than 800 dollars, there could not be any question but that such assessments would be null and void. But a difficulty has arisen on the construction of the second clause of the ordinance, which ordains that the city inquirer and assessor in making the assessment on the real and personal property described in said ordinance, (excepting money at interest,) should estimate the same at one half the value thereof. Upon the construction of this second clause, it has been contended by the counsel on behalf of the motion, that the city inquirer and assessor should not have made any assessment on any of these salaries,'as the one half of all of them are under 800 dollars ; (the highest of them being 1,3C0 dollars, and the lowest 950 dollars,) consequently that not one of them, should have been rated for taxation, as the moiety of each of them was considerably under 800 dollars, the minimum of taxation mentioned in this second clause, taken in connection' with the proviso mentioned in the first clause.
■ On the other hand, it was insisted on by the city attoi - ncy, that this second clause did not extend to incomes or places of profit, bui'to other subjects of taxation mentioned in the first clause, so as to leave all the salaries of the petitioners open to taxation, at their nominal values, in the same manner as incomes and salaries above 1600 dollars^ and that such was the intention of the city council, and such jhe construction which should now be given to this 2d clause.
*349 la considering this subject, it appeared to me to be a little extraordinary if the city council liad really meant and intended to have taxed these salaries or incomes, at the .'/hole of their nominal values, that they should not have explicitly said so, or made them an exception, (as they have done money at interest,) out of this 2d clause, which ordains, “ that real and personal property shall be rated at one half the value thereof.’’ But they have not done so; which leaves this 2d clause subject to a construction, in lav/ according to the legal import of the phrases made use of. From this view of the subject, therefore, Í have mo doubt, but that incomes and profits, labour, wages or hire, are included under the nomen g ene ralis sin éum c.i’ personal property; for the right being attached to a man, and for which, if withheld fre'm him, lie has no ether remedy, but by a personal action, may very properly and emphatically be denominated personal propert}', (as laid down in 1st Inst. 118, also in Burns Low Diet. Til. Chattels, also Corny ns Dig. same 'Title,) and the more especially as the clause relating to profits upon incomes and professions, mentioned in the said first clause of the ordinance, immediately follows the tax upon lands, bonds, notes, and other choses in action, upon which the tax is imposed, and are all classed together, as liable to taxation : And the 2d clause does not distinguish between them, but mates the whole property real and personal- therein described, rateable by the city inquirer and assessor at halt their value only, which wiil include the incomes within the 2d clause. I am therefore of opinion that the prohibition should issue to restrain the city council and the city sheriff, William Yeadon, F.squire, under them, from proceeding to levy and collect the said taxes imposed upon the incomes of the petitioners by the ordinance in ques-.tion, ■ *•
As to the point stated in the suggestion, relative, to th two petitioners, who are not corporators or residents .vithin the hound'', of'the city, it is not necessary for me to tijv *350 give any opinion upon it at present, as I am deéidedly of opinion their incomes are not taxable.
Toomer, for the motion.
Heath EUiott, contra.
From this opinion Mr. Toomer, the city attorney, appealed to this court, where it has again been fully argued by council on both sides, and the majority of the Judges present, after maturely considering the case, are of opinion, that the .foregoing decision made at chambers was a legal and correct one, springing out of the diffenent clauses of the city ordinance itself, under which, the relators' in this’vcase have been taxed, and that there are no grounds for setting aside the writ of prohibition directed.
I am therefore of opinion that the motion should be discharged.
justices Huger 1 Gantt and Richardson, concurred.
Mr. Justice Coleock dissented.